1
2
3
4
5
6
7                   UNITED STATES DISTRICT COURT
8                 SOUTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| 10  LIZBETH PERALTA, | Case No.:  3:23-cv-00022-RBM-BGS |
| 11                          Plaintiff, | **ORDER:** |
| 12  v. | |
| 13 | **(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; AND** |
| 14  MASSACHUSETTS STATE POLICE, et al., | |
| 15 | **(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM; AND** |
| 16                          Defendants. | |
| 17 | |
| 18 | **(2) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL.** |
| 19 | |
| 20 | |
| 21 | **[Docs. 2, 3]** |

22               I.    **INTRODUCTION**

23      On January 6, 2023, Plaintiff Lizbeth Peralta ("Plaintiff") filed an action against the

24 Massachusetts State Police, TAP Airlines, Massachusetts General Hospital, and Francis

25 Ford Coppola ("Defendants").  (Doc. 1.)  Plaintiff alleges various civil rights violations

26 and asserts that Defendants conspired to "harm Plaintiff [] sexually, economically, socially

27 psychologically, and physically."  (*Id.* at 10.)  Also on January 6, 2023, Plaintiff filed a

28 Motion to Proceed In Forma Pauperis ("IFP") ("IFP Motion") (Doc. 2) and a Request for

1 Appointment of Counsel (Doc. 3).  For the reasons discussed below, the Court **GRANTS**
2 Plaintiff's IFP Motion, **DISMISSES** the Complaint without prejudice, and **DENIES**
3 Plaintiff's Request for Appointment of Counsel.

## II. DISCUSSION

A. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the
United States, except an application for writ of habeas corpus, must pay a filing fee of
$402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to prepay the
entire filing fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).
*See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Under 28 U.S.C. § 1915,
a litigant who, because of indigency, is unable to pay the required fees or security to
commence a legal action may petition the court to proceed without making such payment.
28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where
it alleges that the affiant cannot pay the court costs and still afford the necessities of life."
*Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  The facts of an affidavit of
poverty must be stated "with some particularity, definiteness and certainty."  *Id*. (quoting
*United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).  The determination of
indigency falls within the district court's discretion.  *Cal. Men's Colony v. Rowland*, 939
F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993).

In support of her IFP Motion, Plaintiff submitted an affidavit indicating that her
average monthly income over the past twelve months consists of $900 from disability
payments.  (Doc. 2 at 2.)  Plaintiff also states she has $45.00 in a Citi Bank checking
account.  (*Id.*)  Plaintiff claims to have no spouse and no other assets.  (*Id.* at 2–3.)
Plaintiff's monthly expenses for rent, home maintenance, food, clothing, laundry,

---

[1]  In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP,
must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial
Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

transportation, and recreational costs total approximately $1,080.00. (*Id.* at 4–5.) Plaintiff is currently unemployed and does not expect any major changes to her monthly income or expenses during the next twelve months. (*Id.* at 5.)

After considering Plaintiff's IFP Motion, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed IFP pursuant to 28 U.S.C. § 1915(a). Accordingly, Plaintiff's IFP Motion is **GRANTED**.

B.      Screening Pursuant to 28 U.S.C. § 1915(e)(2)

Before service on defendants, all in forma pauperis complaints must be screened to ensure that they are not frivolous or malicious, that they state a claim on which relief may be granted, and that they do not seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The standard for adequately stating a claim is the same as the one that is applied under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. Moreover, a court may dismiss a complaint factually frivolous if the facts alleged are "clearly baseless," a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)).

Here, Plaintiff alleges that she arrived at the airport in Boston, Massachusetts to board a flight to Rome, Italy and noticed a group of individuals "appearing to be [part] of

3

some type of 'cult' of Francis Coppola or some other type of famous movie director, a group who has severely targeted and sexually abused Plaintiff [] in the past upon her break up with one of their members." (Doc. 1 at 3.)  Plaintiff goes on to explain this cult "enslaved Plaintiff in the past by way of some type of 'SIMS' pharmaceutical which allows another to synchronize with another like the movie Avatar." (*Id.*)  She states these "abusive actions . . . including deforming her vagina to have a gaping hole is the main reason why Plaintiff had been looking to escape to Rome, Italy." (*Id.*)  Plaintiff expressed that she was concerned about boarding a plane with the cult members to an airline representative and that the Massachusetts State Police eventually got involved.  Plaintiff alleges that the actions of the police also exhibited cult-like behavior. (*Id.* at 7.)  She asserts that she was then transported to Massachusetts General Hospital where she was kept against her will for forty-two days and that a "judge with no real evidence had then held that Plaintiff [] will be forced on medicine against her will and that she will be committed/detained at the hospital for a period of 6 months." (*Id.* at 8.)

In reviewing the allegations, the Court finds Plaintiff's claims to be factually frivolous.  *See Brown v. Butler*, No. D075348, 2020 WL 2530086, at *6 (Cal. Ct. App. May 19, 2020), *as modified on denial of reh'g* (June 10, 2020) (finding the notion that the Mormon Church and its codefendants "perpetrated a wide-ranging scheme of violence" including intimidation, manipulation of the judicial system, ritualistic curses, and sleep deprivation, among other things, fails as the allegations are "so frivolous to the point of absurdity"); *see also Topete v. Chambliss*, No. 3:10-CV-00359-ECR, 2010 WL 4553453, at *1 (D. Nev. Nov. 2, 2010) (claims may be dismissed if they are "based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios)"); *Yacoub v. United States,* 2007 WL 2745386 (W.D. Wash. Sept. 20, 2007) (dismissing as frivolous pro se complaint alleging defendants "used toxic chemicals, telepathy, color coding, astral bodies, electromagnetic waves, and other methods to control his mind and bodily functions"); *Charles v. United States*, No. CV 13-1369-PHX-MHB, 2013 WL 3894996, at *2 (D. Ariz. July 29, 2013) (finding frivolous plaintiff's claims that the government used him as a human guinea pig

to test audio hypnosis, memory manipulation, and mind reading). The facts as alleged in this action rise to the level of "fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 25–26, 33 (quoting *Neitzke*, 490 U.S. at 328) (internal quotations omitted).

Accordingly, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112. In light of her pro se status, the Court grants Plaintiff leave to amend her complaint in order to attempt to address the pleading deficiencies. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("[a] district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

C.   Request for Appointment of Counsel

On January 6, 2023, Plaintiff filed a Request for Appointment of Counsel. (Doc. 3.) In the Request for Appointment of Counsel, Plaintiff represents that she does not have the financial means to retain counsel. (*Id.* at 4–6.) Moreover, Plaintiff states "[a]lthough I do hold a Juris [D]octorate from the University of San Francisco School of Law, I have never practiced nor have any real experience working in a legal setting." (*Id.* at 2.) "[A]n indigent's right to appointed counsel . . . exist[s] only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't. of Soc. Servs.,* 452 U.S. 18, 25 (1981). However, Congress has authorized courts to appoint counsel for indigent litigants under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Terrell,* 935 F.2d at 1017 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)).

In this case, there is no basis to support a finding of exceptional circumstances such that appointment of counsel would be warranted. Plaintiff has not demonstrated a

likelihood of success on the merits nor shown that the complexity of the issues involved is sufficient to require designation of counsel.  *See Wilborn*, 789 F.2d at 1331 ("[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues").  Moreover, there is no basis for the Court to conclude Plaintiff lacks to ability to articulate and prosecute her claims pro se.  Therefore, Plaintiff's Request for Appointment of Counsel is **DENIED WITHOUT PREJUDICE**.

### III.   CONCLUSION

For the reasons above, the Court:

1.   **GRANTS** Plaintiff's IFP Motion (Doc 2).

2.   **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an amended complaint which cures all the deficiencies of pleading noted.  Plaintiff's amended complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his amended complaint will be considered waived.  *See* Civ. Local R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("an amended pleading supersedes the original"); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

3.   **DENIES WITHOUT PREJUDICE** Plaintiff's Request for Appointment of Counsel (Doc 3).

**IT IS SO ORDERED**.

Dated:  January 12, 2023

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE